UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAREAL EDWARDS, | Case No. 2:15-cv-00673-JAD-NJK |
| Petitioner, | ORDER |
| vs. | |
| BRIAN WILLIAMS, *et al.*, | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 by a Nevada state prisoner. Petitioner has paid the filing fee for this action. The court now screens the complaint, finds that it does not appear that petitioner has exhausted his grounds in state court, directs petitioner to file an amended petition with a demonstration that he has exhausted the state-court process, and denies his request for appointment of counsel.

## Discussion

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

A.   **Petitioner Must Demonstrate that He Has Exhausted His State Court Remedies**.

On the form petition, petitioner fails to identify the conviction that he challenges in this habeas action. ECF 1-1 at 2. Petitioner left blank the answers to several questions on the form petition. ECF 1-1 at 1–2. The petition contains four grounds for relief. In Ground 1, petitioner alleges that his counsel was ineffective because he failed to file an appeal after petitioner's guilty plea was entered. *Id.* at 3. In Ground 2, he alleges that the state district court failed to acknowledge that he had a constitutional right to a "first appeal." Petitioner also alleges that his counsel failed to make sure that the prosecution had met all elements of the crimes to which he pled guilty. *Id.* In

Ground 3, petitioner alleges that there were no facts to support the elements required for convictions of robbery and kidnapping, which are crimes to which he pled guilty. *Id.* at 7. In Ground 4, petitioner alleges that his counsel misled him and induced him into entering a guilty plea. *Id.* at 9. Petitioner alleges that his counsel told him that a time would come in the future where his guilty plea would be withdrawn and "there was a possible deal down the road." *Id.* Petitioner alleges that his counsel assured him that "he would receive two years not to exceed five years." *Id.*

The allegations of the petition appear to indicate that the asserted grounds for federal habeas relief have not been properly exhausted in the Nevada state courts. *Id.* at 3–9. The Court will grant petitioner the opportunity to file an amended habeas petition AND a memorandum of points and authorities demonstrating that he has exhausted all asserted grounds in the Nevada state courts.

**B.      The Court Denies the Request to Appoint Counsel.**

In the petition, petitioner requests the appointment of counsel. ECF 1-1 at 3. 18 U.S.C. § 3006A(2)(B) gives the district court discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. Counsel is not justified in this case. The motion for appointment of counsel is denied.

## Conclusion

Accordingly, it is HEREBY ORDERED that:

The Clerk of Court is directed to: (1) **ELECTRONICALLY SERVE** the petition (ECF 1-1) upon the respondents; (2) **ADD** Attorney General Adam Paul Laxalt to the CM/ECF docket sheet; and (3) send petitioner a noncapital Section 2254 habeas petition form, instructions for the form, and a copy of the original complaint submitted in this action (ECF 1-1).

IT IS FURTHER ORDERED that petitioner must file the following by December 9, 2015: (1) an amended petition using the court's approved form for a noncapital Section 2254 habeas petition and completing all blanks on the form; and (2) a memorandum of points and authorities, together with any evidence petitioner may have, that demonstrates that the grounds of the federal petition have been exhausted in the state courts.  If petitioner files proof of exhaustion, respondents will have **30 days** thereafter to file a response to petitioner's proof, including all portions of the state court record that are relevant to the issue of whether the grounds of the federal petition are exhausted.  If petitioner is unable to demonstrate that the grounds of the federal petition have been exhausted in the state courts, the court will enter an order dismissing the petition.

IT IS FURTHER ORDERED that any state court record exhibits filed by respondents must be filed with a separate index of exhibits identifying the exhibits by number or letter.  The hard copy of all exhibits must be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court.

IT IS FURTHER ORDERED that petitioner's request for the appointment of counsel [is **DENIED**.

Dated this 9th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE