UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jareal Edwards,<br><br>    Petitioner<br><br>v.<br><br>Jo Gentry, et al.,<br><br>    Respondents | 2:15-cv-00673-JAD-NJK<br><br>**Order Directing Petitioner to File a Response by December 17, 2016** |

Nevada state-prison inmate Jareal Edwards brings this § 2254 petition to challenge his state-court conviction for robbery and related charges. Because only one of Edwards's claims is exhausted, I give him until December 17, 2016, to notify the court whether he wishes to forever abandon his unexhausted claims and proceed on only his exhausted claims, dismiss the petition in its entirety without prejudice, or move to stay this case pending the exhaustion of his claims in state court.

**Discussion**

**A.**  **Edwards's petition is partially unexhausted.**

Edwards brings this § 2254 action to challenge his state-court conviction for conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree kidnaping, to which Edwards pleaded guilty in Nevada's Eighth Judicial District Court in 2013. I screened Edwards's initial petition and, because it appeared that Edwards failed to first exhaust his claims in state court, I directed him to file an amended petition along with proof of exhaustion.[1]

Edwards has filed an amended petition and a memorandum of points and authorities in which he admits that only ground one of his petition is exhausted.[2] Ground one is a claim for ineffective assistance of counsel based on his counsel's failure to file a direct appeal. It appears that this claim

---

[1] ECF No. 4.

[2] ECF No. 6-1.

is, as Edwards contends, exhausted. But Edwards has made no showing that grounds 2–4 are exhausted.

**B.     Edwards must notify the court how he wishes to proceed on his claims.**

Because Edwards's petition contains both exhausted and unexhausted claims, he has three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may submit a sworn declaration stating that he wishes return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

Edwards is cautioned that stay and abeyance (option 3) is available only in limited circumstances.[3] "Because granting a stay and abeyance effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court."[4] Even if a petitioner had good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."[5] But, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," then "the district court should stay, rather than dismiss, the mixed petition."[6] Edwards is also cautioned that, if he chooses to file a motion to stay, respondents will be given a chance to file a response. **Edwards must notify the court how he wishes to proceed by December 17, 2016. If Edwards does not choose one of these options or request other appropriate relief from this court by December 17,**

---

[3] *Rhines v. Weber*, 544 U.S. 269 (2005).

[4] *Id.* at 277.

[5] *Id.*

[6] *Id.* at 278.

**2016, his petition will be denied without prejudice.[7]**

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Edwards must notify the court how he wishes to proceed with this action by **December 17, 2016. If Edwards fails to make an election by this deadline, this action will be dismissed in its entirety without prejudice.** Respondents may file a response to any motion filed by Edwards in response to this order as provided by the local rules. No further response is required at this time.

The Clerk of Court is directed to substitute Jo Gentry for Brian Williams as a respondent as provided under Rule 25(d) of the Federal Rules of Civil Procedure.

Dated this 17th day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[7] Edwards recites the standard for stay and abeyance in the memorandum of points and authorities attached to his amended petition, but he does not demonstrate good cause or show that his unexhausted claims are not plainly meritless.