# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Jareal Edwards, | 2:15-cv-00673-JAD-NJK |
| Petitioner | **Order Granting Motion to Stay and Administratively Closing Case** |
| v. | [ECF No. 12] |
| Jo Gentry, et al., | |
| Respondents | |

Petitioner Jareal Edwards was convicted in Nevada state court in 2013 of conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree kidnapping. Without filing a direct appeal, he filed multiple petitions for a writ of habeas corpus in state court as well as this federal petition that he now moves to stay. Because this federal petition is mixed with exhausted and unexhausted claims, and he has shown good cause for his failure to exhaust his potentially meritorious claims, I grant the motion to stay.

## Background[1]

On February 13, 2013, petitioner Jareal Edwards pled guilty to one count each of conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree kidnapping.[2] A judgment of conviction was entered on August 13, 2013, and his one-year period for filing an appeal or state petition for writ of habeas corpus began to run.[3] Without filing a direct appeal in that case, Edwards filed a state habeas petition on June 16, 2014,[4] which was

---

[1] I take judicial notice of the publicly-available docket reports for Edwards's initial criminal proceeding and subsequent state-court habeas proceedings.

[2] *See State v. Edwards*, c-12-280797-3, *available at* https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=9248216.

[3] *Id.*

[4] *Id.*

denied. The Nevada Supreme Court affirmed that denial on March 12, 2015,[5] and then issued a remittitur on April 7, 2015.[6] Edwards filed this federal habeas petition on April 13, 2015.[7] Of the four grounds for relief that Edwards pled in this federal petition, only one was exhausted, so I gave him three options: (1) abandon the three unexhausted claims and proceed on the exhausted claim; (2) return to state court to exhaust the three claims, and I would deny the federal petition without prejudice to his ability to refile it; or (3) file a motion to stay and abey the exhausted federal habeas claims while he exhausts his claims in state court.[8] Edwards chose the third option and moved to stay this federal petition.[9] Soon after, he went back to state court and filed another habeas petition that was promptly denied because it was untimely and successive.[10] Then he filed yet another state habeas petition that was denied on February 13, 2017.[11] Edwards is currently appealing those two denials to the Nevada Supreme Court.[12]

## Discussion

Edwards characterizes this federal petition as a "protective" petition and requests a stay

---

[5] *See Edwards v. State*, case number 66491, *available at* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34689.

[6] *Id.*

[7] ECF No. 1.

[8] ECF No. 9.

[9] ECF No. 12

[10] *See State v. Edwards*, c-12-280797-3, *available at* https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=9248216.

[11] *Id.*

[12] *See Edwards v. State*, case number 73115, *available at* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=43344; *Edwards v. State*, case number 72555, *available at* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=42780.

under *Rudin v. Myles*.[13]  Edwards's federal petition is more aptly described as a "mixed" petition under *Rhines v. Weber* because it includes a mixture of exhausted and unexhausted claims,[14] while a "protective" federal petition is one that is wholly unexhausted but is filed anyway to avoid statute-of-limitations issues if and when the time comes to proceed on the federal claims.[15] Though Edwards doesn't directly argue for a *Rhines* stay, I liberally construe all pro se motions,[16] and he presents enough information to support one.

**A.  *Rhines*-stay standard**

Edwards seeks a *Rhines* stay so that he can go back to state court and exhaust grounds two through four of his petition.  To obtain a *Rhines* stay, Edwards must demonstrate that there was good cause for his failure to exhaust the claims, that the unexhausted claims are not plainly meritless, and that he has not engaged in intentionally dilatory litigation tactics.[17]

**  *1.  Good cause*  **

The contours of what constitutes "good cause" under *Rhines* continue to develop.[18]  The Ninth Circuit emphasized the lack of authority in *Blake v. Baker*:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.  In *Rhines*, the Supreme Court did not explain the standard with precision.  The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust.
>
> Similarly, our cases on the meaning of good cause under *Rhines*

---

[13] ECF No. 12; *Rudin v. Myles*, 781 F.3d 1043 (9th Cir. 2014); *see also Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[14] *See Rhines v. Weber*, 544 U.S. 269, 271 (2005).

[15] *See Pace*, 544 U.S. at 416; *Mena v. Long*, 813 F.3d 907, 910–11 (9th Cir. 2016).

[16] *Bernhardt v. L.A. Cnty.*, 339 F.3d 920 925 (9th Cir. 2003).

[17] *See Rhines*, 544 U.S. at 278.

[18] *Blake v. Baker*, 745 F.3d 977, 980–81 (9th Cir. 2014).

3

are also sparse. In *Jackson v. Roe*, we held that good cause does not require a showing of "extraordinary circumstances." In *Wooten v. Kirkland*, we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust.[19]

But the *Blake* court ultimately held that "[ineffective assistance of counsel] by post-conviction counsel can be good cause for a *Rhines* stay."[20] And in *Martinez v. Ryan*, the United States Supreme Court held that "[w]here, under state law, ineffective-assistance-of-trial-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[21] Reading *Blake* and *Martinez* together, it is enough to constitute good cause under *Rhines* that Edwards was unrepresented in his first state post-conviction proceeding and was unable to successfully develop his ineffective-assistance-of-trial-counsel claims as a *pro se* inmate.

      I emphasize the preliminary nature of the procedural question presented in a motion to stay. I am determining only the preliminary procedural issue of whether this federal habeas petition should be stayed while Edwards exhausts his unexhausted claims in state court.[22] I do not definitely resolve Edwards's unexhausted claims; I merely decide whether to stay them while he exhausts them in state court. In light of *Blake* and *Martinez*, Edwards has shown good cause for his failure to exhaust his ineffective-assistance-of-counsel claims.

---

[19] *Id.* (internal citations omitted).

[20] *Id.* at 983.

[21] *Martinez v. Ryan*, 132 S. Ct. 1309, 1311 (2012).

[22] *See Blake*, 745 F.3d at 984 (satisfaction of the *Rhines* good-cause standard "only permits a petition to return to state court . . . to exhaust his unexhausted claims" and thus does not require a stronger showing than that required to establish cause under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to overcome a procedural default).

4

1         ***2.     Not plainly meritless***

The Ninth Circuit held in *Cassett v. Stewart* that a district court may reject an unexhausted claim on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim."[23] For his unexhausted claims, Edwards alleges that he received ineffective assistance of counsel because: (ground 2) trial counsel failed to ensure that all elements of a crime are met by the prosecution prior to accepting a guilty plea; (ground 3) trial counsel failed to argue that an essential element of first-degree kidnapping was unsatisfied; and (ground 4) trial counsel misled him to plead guilty under the belief that it would get withdrawn and another plea-agreement would be offered later. Based on these allegations, Edwards has presented at-least-colorable claims.

        ***3.     No intentionally dilatory tactics***

Nothing in the record reflects that petitioner has engaged in intentionally dilatory tactics. Although not altogether limited to capital-punishment petitioners, those petitioners are typically the only ones with motive to delay proceedings.[24] Respondents argue that filing a federal claim with three out of four claims being unexhausted after a full round of post-conviction relief proceedings is "inherently dilatory."[25] Raising three additional varieties of an ineffective-assistance-of-counsel claim in a federal habeas petition after one variety was already exhausted in state court is not "intentionally dilatory," especially when the petitioner is not represented by counsel.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Edwards's motion to stay and abey this federal habeas action **[ECF No. 12] is GRANTED** pending exhaustion of his unexhausted

---

[23] *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

[24] *Valdovinos v. McGrath*, 598 F.3d 568, 574 (9th Cir. 2010), *vacated for reconsideration on other grounds*, 131 S. Ct. 1042 (Jan. 24, 2011) (petitioner "had no engaged in dilatory tactics and he had no motivation for delay, as he is not a capital defendant").

[25] ECF No. 13 at 3.

claims, and this case will be administratively closed.

Edwards may move to reopen this case no later than 45 days after exhaustion of his claims (meaning, within 45 days of the Nevada Supreme Court's issuance of remittitur), and any party otherwise may move to reopen this case at any time and seek any relief appropriate under the circumstances.

IT IS FURTHER ORDERED that, with any motion to reopen filed following completion of all state-court proceedings pursued, Edwards: (a) must attach an indexed chronological set of exhibits (with the corresponding CM/ECF attachments identified by exhibit number(s) on the docketing system) containing the state-court record materials relevant to the issues herein that cover the period between the state-court record exhibits on file in this matter and the motion; and (b) if Edwards then intends to further amend his petition, he must file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move for leave to amend. Respondents will have 30 days to respond to the motion(s) filed. The reopened matter will then proceed under the current docket number.

The **Clerk of Court is directed to administratively CLOSE THIS CASE until the court grants a motion to reopen it.**

DATED: September 28, 2017.

_____
Jennifer A. Dorsey
United States District Judge