**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAREAL EDWARDS,

                      Petitioner,

  v.

WARDEN HOWELL, et al.,

                      Respondents.

Case No. 2:15-cv-00673-JAD-NJK

**Scheduling Order**

On September 28, 2017, I administratively closed this action while Petitioner Jareal Edwards exhausted his unexhausted claims in state court.[1] Edwards completed his state-court proceedings and filed a new habeas petition.[2] I construed the new petition as a request to reopen this habeas case and file an amended petition.[3] As I instructed, the Clerk of Court reopened this case, filed the new petition in this case, and designated it as Edwards's Second Amended Petition for Writ of Habeas Corpus.[4] The following scheduling order will now govern this habeas matter:

**IT IS HEREBY ORDERED that:**

1. Respondents have until September 8, 2020, to answer or otherwise respond to the Second Amended Petition for Writ of Habeas Corpus (ECF No. 19), including any motion to dismiss.

2. Petitioner will then have 60 days from the date of service of an answer to file a reply brief. However, the response and reply time to any motion filed by either party, including a motion filed instead of a pleading, will be governed by Local Rule 7-2(b).

3. Any procedural defenses that respondents raise to the second amended petition must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses either in *seriatim* fashion in

---

[1] ECF No. 15.

[2] *See* Case No. 2:20-cv-00520-JAD-DJA.

[3] ECF No. 18.

[4] ECF No. 19.

1

multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

4. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except as permitted by 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

5. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

6. Respondents must file a set of state court exhibits relevant to the response to the second amended petition. Those exhibits must be filed chronologically.

7. Any state-court record or exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document-upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as an "attachment" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit 1 (ECF No. 10-1), Exhibit 2 (ECF No. 10-2), Exhibit 3 (ECF No. 10-3), and so forth). The purpose of this provision is to allow this court and any reviewing court to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments. If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

8.  *For this case*, respondents are not required to deliver a paper copy of any exhibits to the court.

Dated: July 9, 2020

_____
U.S. District Judge Jennifer A. Dorsey