# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jareal Edwards, | Case No. 2:15-cv-00673-JAD-NJK |
| Petitioner | |
| v. | |
| Jo Gentry, et al., | *and related case* |
| Respondents | |
| Jareal Edwards, | Case No. 2:20-cv-00520-JAD-DJA |
| Petitioner | |
| v. | **Order Granting Motion to Dismiss All But Ground 1(a) of the Petition** |
| Warden Howell, et al., | |
| Respondents | [ECF No. 21] |

Petitioner Jareal Edwards brings his *pro se* second amended petition for writ of habeas corpus under 28 U.S.C. § 2254[1] to challenge his conviction and sentence for conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree kidnapping. Respondents move to dismiss grounds 1(b), 1(c), 2, and 3 of his second amended petition as either procedurally defaulted, untimely, or not cognizable in federal habeas proceedings, leaving unchallenged only ground 1(a).[2] Because Edwards's claims are procedurally barred or not cognizable in federal habeas proceedings, I grant respondents' motion and dismiss grounds 1(b), 1(c), 2, and 3. This case thus proceeds only on ground 1(a), Edwards's claim that his trial counsel was ineffective for failing to file an appeal.

---

[1] ECF No. 19.

[2] ECF No. 21.

1

## Background

### A.    Procedural History

Edwards pled guilty to conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree kidnapping.[3]  The state district court sentenced Edwards to consecutive terms of 12–48 months; 26-120 months; and 12–120 months for the use of a deadly weapon, in addition to a concurrent term of 60–180 months.  Following sentencing, Edwards filed a motion to withdraw guilty plea[4] and the state district court denied his motion finding his plea was entered freely and voluntarily.[5]  On August 13, 2013, the state district court entered the judgment of conviction.[6] Edwards did not file a direct appeal.

Edwards then filed a state habeas petition seeking post-conviction relief alleging a single claim that his counsel was ineffective for failing to file a direct appeal.[7]  The state district court denied his petition[8] and the Nevada Supreme Court affirmed.[9]  Edwards filed his federal habeas petition on April 13, 2015.[10]  Edwards, however, did not demonstrate that he exhausted all grounds alleged in his petition in state court.  I directed Edwards to file an amended petition demonstrating exhaustion of the grounds alleged in the federal petition,[11] and filed one on December 3, 2015.[12]  Because that amended petition contained both exhausted and unexhausted

---

[3] Ex. 23.  Exhibits referenced in this order are exhibits to respondents' motion to dismiss and are found at ECF Nos. 22–24.

[4] Ex. 17.

[5] Ex. 24.

[6] Ex. 23.

[7] Ex. 25.

[8] Ex. 31.

[9] Ex. 49.

[10] ECF No. 1.

[11] *See* ECF No. 4.

[12] ECF No. 6.

claims, I instructed Edwards to elect how to proceed.[13]  I then granted Edwards's motion for stay

and abeyance pending exhaustion of his unexhausted claims.[14]

Edwards filed another *pro se* state habeas petition and counseled supplemental state

petition in state court.[15]  The state district court denied the petition finding his claims

procedurally barred.[16]  The Nevada Court of Appeals affirmed.[17]  On March 12, 2020, Edwards

filed a new federal habeas petition, which was construed as a request to reopen his habeas case

and to file an amended petition.[18]  I instructed the Clerk of the Court to reopen this case and

designate the new petition as Edwards's second amended petition, which alleges the following

grounds for relief:

- <u>Ground 1(a)</u>:  Trial counsel was ineffective for failing to file an appeal.

- <u>Ground 1(b)</u>:  Trial counsel was ineffective for failing to ensure the State followed through with the agreement to allow Edwards to withdraw his plea.

- <u>Ground 1(c)</u>: Trial counsel was ineffective for failing to contest Edwards's dual convictions for kidnapping and robbery.

- <u>Ground 2</u>: Trial counsel failed to challenge the state's use of cell-site location information without first obtaining a warrant.

- <u>Ground 3</u>: Edwards is entitled to equitable tolling based on counsel's failure to properly represent him.

---

[13] ECF No. 10.

[14] ECF No. 15.

[15] Ex. 82.

[16] Ex. 90.

[17] Ex. 104.

[18] ECF Nos. 18, 19.

## Discussion

**A.  Grounds 1(b), 1(c), and 2 are procedurally barred.**

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim based on an independent and adequate state procedural rule.[19]  Nevada's one-year statute of limitation[20] for post-conviction petitions and prohibition on second or successive post-conviction petitions are independent and adequate state procedural rules as applied in non-capital cases.[21]  When a petitioner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."[22]

To demonstrate cause, the petitioner must show that some external and objective factor impeded his efforts to comply with the procedural rule.[23]  Ignorance or inadvertence does not establish cause.[24]  To show prejudice, a petitioner must prove not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error.[25]  To demonstrate a fundamental miscarriage of justice, a petitioner must show that the constitutional error complained of probably resulted in the conviction of an actually innocent person.[26]  This is a narrow exception

---

[19] *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000).

[20] NRS 34.726; NRS 34.810(2).

[21] *See, e.g.*, *Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018); *Bargas v. Burns*, 179 F.3d 1207, 1211–14 (9th Cir. 1999).

[22] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons").

[23] *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012).

[24] *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986).

[25] *Carrier*, 477 U.S. at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

[26] *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

and it is reserved for extraordinary cases only.[27]

Edwards's claims in grounds 1(b), 1(c), and 2[28] are procedurally barred. In ground 1(b), Edwards alleges that counsel rendered ineffective assistance for failing to ensure that the prosecution followed through with the agreement that Edwards would be allowed to withdraw his guilty plea.[29] In ground 1(c), Edwards alleges that counsel rendered ineffective assistance for failing to contest his robbery and kidnapping convictions that arose from the same course of conduct.[30] In Ground 2, Edwards alleges that he was denied effective assistance of counsel because counsel failed to challenge the State's use of cell-site location information without obtaining a warrant and for cumulative errors of trial and appellate counsel.[31] Edwards did not file a direct appeal and raised these three grounds for the first time in state proceedings in his second state habeas petition.[32] The Nevada Court of Appeals affirmed the denial of these claims as procedurally barred under NRS 34.726(1) and NRS 34.810(2).[33]

The Nevada Court of Appeals' determination that grounds 1(b), 1(c), and 2 were procedurally barred under NRS 34.726(1) and NRS 34.810(2) was an independent and adequate ground to affirm the denial of the claims in Edwards's second state habeas petition. The burden thus falls on Edwards to prove good cause for the default and actual prejudice.[34] Here, Edwards does not argue that he can show cause and prejudice or actual innocence sufficient to overcome

---

[27] *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

[28] Respondents also argue that Ground 2 is untimely. I will address Ground 2 in relation to procedural default. *See Cooper v. Neven*, 641 F.3d 322, 327–28 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition.").

[29] ECF No. 19 at 3.

[30] *Id.*

[31] *Id.* at 5.

[32] Ex. 82.

[33] Ex. 104.

[34] *See* NRS 34.726(1); NRS. 34.810(3).

this procedural bar. I thus dismiss grounds 1(b), 1(c), and 2 as procedurally barred from federal habeas review.

**B. Ground 3 is not cognizable in federal habeas.**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[35] Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.[36] Claims based on conclusory allegations are not a sufficient basis for federal habeas relief.[37] Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground."

In ground 3, Edwards alleges that he is "entitled to equitable tolling because his counsel failed to properly represent him."[38] Respondents assert that ground 3 is not cognizable because it does not allege a constitutional violation. Respondents are correct that ground 3 does not present an actionable habeas claim based on constitutional error. Further, a habeas petitioner must allege enough facts that allow the court to draw a reasonable inference that he is entitled to relief.[39] Particularly in habeas cases, legal conclusions without facts are not sufficient – "it is the relationship of the facts to the claim asserted that is important."[40] Ground 3 does not contain either direct or inferential allegations showing entitlement to habeas relief. Therefore, I dismiss ground 3 for failure to state a claim for which federal habeas relief may be granted.

---

[35] 28 U.S.C § 2254(a).

[36] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[37] *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005).

[38] ECF No. 19 at 7.

[39] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[40] *Mayle*, 545 U.S. at 655 (noting that Habeas Rule 2(c) "is more demanding" than the pleading rule for other civil cases).

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 21] is GRANTED** as follows:

1. Grounds 1(b), 1(c), and 2 are **DISMISSED** as procedurally barred;

2. Ground 3 is **DISMISSED** as non-cognizable in federal habeas and/or for failure to state a claim.

IT IS FURTHER ORDERED that respondents have **30 days to file an answer to petitioner's remaining ground for relief: 1(a)**. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. Petitioner will then have **30 days following service of respondents' answer to file a reply.**

                                        _____

                                        U.S. District Judge Jennifer A. Dorsey
                                        Dated: May 17, 2021