UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Jareal Edwards, | | Case No. 2:15-cv-00673-JAD-NJK |
| | Petitioner, | |
| v. | | |
| Jo Gentry, et al., | | |
| | Respondents. | *and related case* |
| Jareal Edwards, | | |
| | Petitioner, | Case No. 2:20-cv-00520-JAD-DJA |
| v. | | **Order Denying Petitioner Jareal Edwards's Motion for Reconsideration** |
| Warden Howell, et al., | | |
| | Respondents. | [ECF No. 26] |

Petitioner Jareal Edwards has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254[1] and moves for reconsideration of my order granting the respondent's motion to dismiss all but Ground 1(a) of that petition.[2] Because I find that Edwards fails to establish clear error, I deny his motion.

**Background**

Edwards initiated this habeas action in April 2015 to challenge his 2013 state court conviction for conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree kidnapping.[3] Respondents moved to dismiss grounds 1(b), 1(c), 2, and 3 of Edwards's second amended habeas petition, leaving unchallenged only ground 1(a).[4] Edwards did not file

---

[1] ECF No. 19.

[2] ECF No. 26.

[3] Ex. 23.  Exhibits referenced in this order are exhibits to respondents' motion to dismiss and are found at ECF Nos. 22–24.

[4] ECF No. 21

1

an opposition to respondents' motion to dismiss. I granted respondents' motion and dismissed grounds 1(b), 1(c), and 2 as procedurally barred and ground 3 as not cognizable in federal habeas proceedings.[5]

Edwards now seeks reconsideration of the order granting that motion to dismiss. He argues that his failure to respond to the motion "was not the fault of [his] own" because in September 2020, he was admitted to Southern Hills Hospital (SHH), transported to another facility (High Desert State Prison), and then returned to Southern Desert Correctional Center (SDCC).[6] As a result, he did not have access to his legal work while he was in the hospital and that some of his legal work was lost.[7] Respondents argue that Edwards fails to explain the 8-month delay in filing an untimely opposition to their motion to dismiss or a motion for reconsideration because Edwards' external movement history[8] indicates that he was transported to SHH on September 29, 2020, and returned to SDCC on October 22, 2020.[9] Respondents filed their motion to dismiss on September 8, 2020, and an opposition was due on September 22, 2020.

Edwards argues that I dismissed Ground 2 as procedurally defaulted in error.[10] He relies on *Carpenter v. United States*,[11] arguing that his rights were violated because his counsel did not challenge the state's use of cell-site location information without first obtaining a warrant.[12]

---

[5] ECF No. 26.

[6] *Id.* at 2.

[7] *Id.*

[8] ECF No. 27-1.

[9] ECF No. 27 at 3.

[10] ECF No. 29 at 2.

[11] *Carpenter v. United States*, 138 S. Ct. 2206 (2018).

[12] ECF No. 26 at 2.

Respondents argue that Edwards fails to establish good cause and actual prejudice.[13] They assert that, even assuming Edwards establishes good cause, he fails to establish actual prejudice because *Carpenter* was decided after counsel represented Edwards and counsel cannot be ineffective for failing to file a motion to suppress based on case law that did not yet exist.[14]

### Discussion

A district court possesses "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[15]  However, reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."[16]  "Whether or not to grant reconsideration is committed to the sound discretion of the court."[17]  Absent highly unusual circumstances, the court should grant a motion for reconsideration only if: (1) it is presented with newly discovered evidence; (2) it has committed clear error, or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law.[18]  A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood.  Changes in legal or factual circumstance that may entitle the movant to relief also must be stated with particularity.[19]

Neither Edwards's motion nor his reply sets forth a justification for reconsideration of my order granting the motion to dismiss.  Edwards failed to explain why he failed to file a motion to

---

[13] ECF No. 27 at 3.

[14] *Id.*

[15] *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 60.

[16] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[17] *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

[18] *See Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona*, 229 F.3d at 890.

[19] Local Rule 59-1.

extend time to oppose respondents' motion to dismiss or a motion to file an untimely opposition in the eight-month time span between respondents' motion to dismiss and my order granting it. Nor has he shown how his alleged inability to file an opposition to the motion is adequate grounds for reconsideration of my order granting respondents' motion to dismiss.

Plus, Edwards fails to establish clear error in dismissing grounds 1(b), 1(c), and 2 as procedurally barred and ground 3 as not cognizable in federal habeas. *Carpenter* was decided more than five years after trial counsel represented Edwards in his 2013 state court conviction. Therefore, *Carpenter* is not controlling United States Supreme Court law for purposes of Edwards's ineffective assistance of counsel claim in Ground 2. Edwards's motion presents no basis for reconsideration, so I deny it.

On June 15, 2021, respondents filed an answer to the remaining claim of Edwards's second amended petition.[20] **IT IS HEREBY ORDERED that Edwards has until January 31, 2022, to file a reply brief** in support of his second amended petition for writ of habeas corpus.

IT IS FURTHER ORDERED that Petitioner Jareal Edwards's Motion for Reconsideration **[ECF No. 26] is DENIED**.

                                                                              _____
                                                    U.S. District Judge Jennifer A. Dorsey
                                                    Dated: December 17, 2021

---

[20] ECF No. 28.