# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Jareal Edwards,<br><br>   Petitioner<br><br>v.<br><br>Gabriela Najera,[1] et al.,<br><br>   Respondents | Case No.: 2:15-cv-00673-JAD-NJK<br><br><br><br><br><br>*and related case* |
| Jareal Edwards,<br><br>   Petitioner<br><br>v.<br><br>Gabriela Najera, et al.,<br><br>   Respondents | Case No.: 2:20-cv-00520-JAD-DJA<br><br><br><br>**Order Denying<br>Second Amended Petition and Closing Case**<br><br>[ECF No. 19] |

  Petitioner Jareal Edwards brings this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2013 Nevada state-court conviction and sentence, pursuant to a guilty plea, for conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree kidnapping.[2] In the only remaining ground of his second amended petition, Edwards alleges that his trial counsel was ineffective for failing to file an appeal.[3] Having evaluated the merits of that claim, I find that habeas relief is not warranted, so I deny the petition and a certificate of appealability and close this case.

---

[1] The state corrections department's inmate-locator page states that Edwards is incarcerated at Southern Desert Correctional Center. Gabriela Najera is the current warden for that facility. At the end of this order, I direct the clerk to substitute Gabriela Najera as a respondent for Respondent Jo Gentry in case number 2:15-cv-0063-JAD-NJK and for Respondent Warden Howell in case number 2:20-cv-00520-JAD-DJA under Federal Rule of Civil Procedure 25(d).

[2] ECF No. 19; ECF No. 22-23.

[3] ECF No. 19 at 3.

**Background**

Edwards pled guilty under a plea agreement to conspiracy to commit robbery, robbery with use of a deadly weapon, and first-degree kidnapping.[4] As part of the plea agreement, Edwards signed an appeal waiver, representing that

> By entering my plea of guilty, I understand that I am waiving and forever giving up the following rights and privileges . . . . The right to appeal the conviction with the assistance of an attorney, either appointed or retained, unless specifically reserved in writing and agreed upon as provided in NRS 174.035(3). I understand this means I am unconditionally waiving my right to direct appeal of this conviction, including any challenge based upon reasonable constitutional, jurisdictional or other grounds that challenge the legality of the proceedings as stated in NRS 177.015(4). However, I remain free to challenge my conviction through other post-conviction remedies including a habeas corpus petition pursuant to NRS Chapter 34.[5]

Prior to sentencing, in June 2013, Edwards filed a motion to withdraw his guilty plea.[6] In July 2013, the state district court denied the motion to withdraw the guilty plea and sentenced Edwards to 12 to 48 months (count 1), 26 to 120 months plus a consecutive term of 12 to 120 months (count 2), and 60 to 180 months (count 3) to run concurrent with counts 1 and 2 with parole eligibility.[7] In August 2013, the state district court entered the judgment of conviction.[8] Edwards did not file a direct appeal.

Edwards then filed a state habeas petition seeking post-conviction relief based on a single claim that his counsel was ineffective for failing to file a direct appeal despite Edwards having

---

[4] ECF No. 22-13; ECF No. 22-14 at 5–11.

[5] ECF No. 22-13 at 6.

[6] ECF No. 22-17.

[7] ECF No. 22-21 at 13, 15–16; ECF No. 22-23 at 3.

[8] ECF No. 22-23.

demanded that counsel do so.[9]  The state district court denied his petition.[10]  In March 2015, the Nevada Supreme Court affirmed the denial of the petition.[11]

Edwards filed his federal habeas corpus petition on April 8, 2015.[12]  After I granted a stay and abeyance pending exhaustion of Edwards's unexhausted claims, he filed a motion to reopen his federal habeas case and filed a second amended petition.[13]  Respondents moved to dismiss grounds 1(b), 1(c), 2, and 3 of the second amended petition, which I granted.[14]  After I denied Edwards's motion for reconsideration, respondents answered the remaining ground of the second amended petition—ground 1(a)—that trial counsel was ineffective for failing to file an appeal.[15]  Edwards did not file a reply.

## Discussion

**A.      Legal standards**

   *1.      Antiterrorism and Effective Death Penalty Act (AEDPA)*

If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief with respect to that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[16]  A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially

---

[9] ECF No. 22-25.

[10] ECF No. 22-31.

[11] ECF No. 23-9.

[12] ECF No. 1-1.

[13] ECF Nos. 15, 18, 19.

[14] ECF Nos. 21, 25.

[15] ECF Nos. 26, 28, 30.

[16] 28 U.S.C. § 2254(d).

indistinguishable facts.[17]  And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand.[18]  Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[19]  The "objectively unreasonable" standard is difficult to satisfy;[20] "even 'clear error' will not suffice."[21]

Habeas relief may only be granted if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[22]  As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[23]  "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[24]  AEDPA "thus imposes a 'highly deferential standard for evaluating state-court ruling,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'"[25]

---

[17] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[18] *White v. Woodall*, 134 S. Ct. 1697, 1705–07 (2014).

[19] *White*, 134 S. Ct. 1705–06.

[20] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[21] *Wood v. McDonald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

[22] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

[23] *Id.* at 103.

[24] *Id.* at 101.

[25] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim de novo.[26] The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief,[27] but state-court factual findings are presumed correct unless rebutted by clear and convincing evidence.[28]

### 2. *Ineffective Assistance of Counsel*

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[29] Counsel can "deprive a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'"[30] In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case;[31] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[32]

### B. Evaluating Edwards's remaining claim

In ground 1(a) of the second amended petition, Edwards alleges that his Sixth Amendment right to effective assistance of counsel was violated because trial counsel failed to file an appeal after Edwards informed counsel of his desire to appeal.[33] The Nevada Supreme Court denied Edwards's state habeas petition, citing to *Strickland* and Nevada's adoption of the

---

[26] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[27] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[28] 28 U.S.C. § 2254(e)(1).

[29] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[30] *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 335–36 (1980)).

[31] *Strickland*, 466 U.S. at 690.

[32] *Id.* at 694.

[33] ECF No. 19 at 3.

*Strickland* test and reasoning that "the district court did not err in denying the petition because [Edwards] unconditionally waived his right to appeal as a term of his plea agreement."[34] I find that the Nevada Supreme Court's 2015 rejection of Edwards's *Strickland* claim was neither contrary to, nor involved an unreasonable application of, clearly established law as determined by the U.S. Supreme Court at the time of its decision.

In 2000, the U.S. Supreme Court in *Roe v. Flores-Ortega* held that the *Strickland* test applies to claims alleging that counsel was constitutionally ineffective for failing to file a notice of appeal.[35] The Hight Court noted that it had "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[36] And when counsel's constitutionally deficient performance deprives a criminal defendant of an appeal that he otherwise would have taken, prejudice is presumed and the criminal defendant has made out a successful ineffective-assistance-of-counsel claim.[37]

Despite this seemingly straightforward case, in 2019, the U.S. Supreme Court in *Garza v. Idaho* acknowledged that there was a split among the federal circuit courts about whether trial counsel renders ineffective assistance by failing to file a notice of appeal, even when the criminal defendant requests an appeal, if the criminal defendant signed an appeal waiver in his guilty plea agreement.[38] In *Garza*, the criminal defendant told his trial counsel that he wished to appeal.[39] Trial counsel did not file a notice of appeal and instead told the criminal defendant that an appeal was problematic because the criminal defendant had waived his right to appeal in the plea agreements.[40] The criminal defendant sought post-conviction relief based on ineffective

---

[34] ECF No. 23-9.

[35] *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000).

[36] *Id.* at 477.

[37] *Id.* at 484.

[38] *Garza v. Idaho*, 139 S. Ct. 738, 743 (2019).

[39] *Id.*

[40] *Id.* at 742–43.

6

assistance of counsel.[41]  The Idaho Supreme Court ruled that, given the appeal waivers, the criminal defendant had to show both deficient performance and resulting prejudice and concluded that the criminal defendant could not.[42]  In ruling that the criminal defendant needed to demonstrate prejudice under these circumstances, the Idaho Supreme Court acknowledged that it was aligning itself with the minority position among the courts.[43]  At the time, eight out of ten federal circuit courts had ruled that *Flores-Ortega*'s presumption of prejudice applied even when a criminal defendant had signed an appeal waiver.[44]  In *Garza*, the U.S. Supreme Court announced that a presumption of prejudice applies when trial counsel fails to file an appeal at the criminal defendant's request regardless of whether the criminal defendant had signed an appeal waiver.[45]

When there is no clearly established federal law stating a particular standard or rule at the time of the state court decision, a petitioner cannot establish under AEDPA that the state court's decision was either contrary to or an unreasonable application of clearly established federal law.[46]  Here, it was not clear in 2015 that counsel was ineffective for failing to file a notice of appeal at Edwards's request because Edwards had signed an appeal waiver in his plea agreement.  As demonstrated by *Garza*, the U.S. Supreme Court did not resolve the federal circuit split until 2019.  Thus, in 2015, the Nevada Supreme Court's decision to deny relief to Edwards based on his appeal waiver was neither contrary to nor an unreasonable application of clearly established federal law.  Edwards is therefore not entitled to federal habeas relief.

---

[41] *Id.* at 743.

[42] *Id.*

[43] *Id.  See Garza v. State*, 405 P.3d 576, 580 (Idaho 2017), *rev'd and remanded,* 139 S. Ct. 738 (2019) (noting that "[t]he minority approach does not presume deficiency or prejudice when an attorney denies his client's instruction to file an appeal when there has been an appeal waiver, and instead requires the defendant meet the test in *Strickland*, which requires showing deficient performance and prejudice").

[44] *Id.*

[45] *Id.* at 742.

[46] *See, e.g., Carey v. Musladin*, 549 U.S. 70, 76–77 (2006); *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000) ("threshold question").

7

### C. Certificate of Appealability

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability. To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[47] "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[48] Because I have rejected Edwards's constitutional claim on its merits, and he has not shown that this assessment of his claim is debatable or wrong, I find that a certificate of appealability is unwarranted in this case.

### Conclusion

IT IS THEREFORE ORDERED that the second amended petition **[ECF No. 19] is DENIED**.

And because reasonable jurists would not find my decision to deny this petition to be debatable or wrong, a **certificate of appealability is DENIED**.

The Clerk of Court is directed to SUBSTITUTE Gabriela Najera for Respondent Jo Gentry in case number 2:15-cv-00673-JAD-NJK and for Respondent Warden Howell in case number 2:20-cv-00520-JAD-DJA, ENTER JUDGMENT in both matters accordingly, and CLOSE THESE CASES.

Dated: December 19, 2022

_____
U.S. District Judge Jennifer A. Dorsey

---

[47] 28 U.S.C. § 2253(c).

[48] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).